## Jacqueline M. Russell

### v.

## Branch Motor Express, Inc., et al.

Record No. 860843

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

*William G. Barkley (Pickford & Barkley*, on briefs), for appellant.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Thomas E. Albro (Christine Thomson; Smith, Taggart, Gibson & Albro*, on brief), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

On May 27, 1984, Jacqueline M. Russell was injured when the automobile in which she was a passenger was struck from behind by a truck owned by Branch Motor Express, Inc., and operated by its employee, William W. Shumate. A jury trial resulted in a verdict in favor of Branch and Shumate, upon which the trial court entered judgment. We granted Mrs. Russell an appeal.

The evidence shows that the accident occurred on a rainy morning on Route 29 south of Charlottesville. Mrs. Russell was riding in an automobile operated by her husband, George E. Russell, Jr. According to Mr. Russell, he was driving in the right-hand lane of the two southbound lanes when a squirrel appeared in front of him. He slowed to a speed of approximately 45 miles per hour and moved into the left-hand lane to avoid the squirrel. Then, when he "started back into the right-hand lane," his vehicle was struck from behind by Shumate's truck. The Russell vehicle was propelled off the left side of the roadway into a tree.

According to Shumate, he was travelling "around the speed limit" of 55 miles per hour when he saw both the squirrel and the Russell vehicle ahead of him. He saw the brake lights "come on" the Russell vehicle, and he observed the vehicle veer to its left. Shumate also moved into the left lane to avoid the squirrel, and when the Russell vehicle returned to the right lane, Shumate decided to pass. When Shumate's truck was "a car length or so" from the Russell vehicle, Russell "darted back to the left . . . in front" of the truck. Shumate "couldn't dodge [in] either direction" and "hit [Russell] square in the rear." Shumate testified that Russell did not signal "any one of these three lane changes."

The dispositive question on appeal is whether the trial court erred in granting Instruction No. 26. Tendered by Branch and Shumate, Instruction No. 26 reads as follows:

> The driver of a vehicle has a right to assume that the driver of another vehicle will operate it in a lawful manner until he realizes, or in the exercise of ordinary care should realize, that the other driver is not going to do so.

■ We think it was error to grant Instruction No. 26. "An instruction on what [a party has] a right to assume must take account of the evidence." *Mawyer v. Thomas*, 199 Va. 897, 902, 103 S.E.2d 217, 220-21 (1958); *see also Southers v. Price*, 211 Va. 469, 474-75, 178 S.E.2d 685, 689 (1971). Here, the instruction in dispute takes account of only a portion of the evidence, *viz.*, Shumate's testimony that the Russell vehicle had returned to the right-hand lane before he, Shumate, undertook to pass the vehicle. The instruction ignores the positive testimony of Russell that he had only *started* to return to the right-hand lane when his vehicle was struck.

■ Had the jury believed, as it had the right to do, that Russell had only started to return to the right-hand lane when the accident occurred, then the jury would not have been justified in according Shumate the benefit of the assumption outlined in Instruction No. 26. Only if the jury believed Shumate, rather than Russell, would it have been justified in giving Shumate the benefit of the assumption. Yet, the instruction failed to take Russell's version of the accident into account. Hence, the granting of the instruction was both erroneous and prejudicial.

For this reason, the judgment of the trial court will be reversed and the case remanded for a new trial without any instruction on the right to assume.*

*Reversed and remanded.*

---

* Mrs. Russell also complains that the trial judge improperly questioned the investigating state trooper concerning "his opinion of how and where the accident occurred." Because this incident is not likely to recur upon remand, we will not consider the complaint.